UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:16-CR-7-JMH-EBA-2
CIVIL ACTION NO. 5:19-CV-304-JMH-EBA

UNITED STATES OF AMERICA,                                        PLAINTIFF/RESPONDENT,

V.                                    **RECOMMENDED DISPOSITION**

QUATEZ BROOKS,                                                   DEFENDANT/PETITIONER.

*** *** *** ***

In November, 2013, Quatez Brooks acted with others to carry out a string of armed robberies and, on in the course of one, fired multiple shots in the direction of a store clerk and his son. On June 20 2016, Brooks pled guilty to one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); six counts of conspiracy to carry and use a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and six separate counts of interfering with commerce. Brooks brings this action seeking relief from his conviction and sentence, relying on two recent Supreme Court cases holding unconstitutional the residual clauses of statutes defining the term "crime of violence": *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1204 (2018) and *United States v. Davis,* — U.S. —, 139 S.Ct. 2319 (2019). To Brooks, these cases are important because he believes that they may form a basis to challenge his convictions for discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and conspiracy to carry and use a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

The matter is now before the Court for an initial screening under Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts. Because no residual clause was instrumental in his convictions or his sentence, he not entitled to relief in this action. Therefore, the undersigned **recommends** that Brooks's §2255 request for relief be **denied**, and that this action be **dismissed**.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721–22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a

preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## **DISCUSSION**

Brooks brings this § 2255 motion disputing his conviction and sentence in light of *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1204 (2018), which held unconstitutional the so-called residual clause of 18 U.S.C. § 16(b), and *United States v. Davis,* — U.S. —, 139 S.Ct. 2319 (2019), which held unconstitutional 18 U.S.C. § 924 (c)(3)(b). Both cases address statutes defining the phrase "crime of violence." The outcomes in both *Dimaya* and *Davis* are the product of the exemplary legal doctrines outlined in *Johnson v. United States*, 576 U.S. —, 135 S.Ct. 2551, 2555 (2015). Prior to *Johnson*, for some offenses, the residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii)), acted to adjust a defendant's sentence from a 10-year maximum to a 15-year minimum with a maximum of life imprisonment. *See Johnson*, 135 S.Ct. at 2555. *Johnson* considered the residual clause of the ACCA, ultimately holding that the provision was unconstitutionally vague under the void-for-vagueness doctrine. *Id.* at 2563. Since *Johnson* made the residual clause invalid, it can no longer authorize any sentence.

In *Dimaya*, the Supreme Court revisited the precedent in *Johnson,* evaluating the catch-all clause in the definition of "crime of violence" under 18 U.S.C. § 16(b). In the immigration context, under the Immigration and Nationality Act (INA), if a defendant's prior conviction meets the definition of a "crime of violence" under § 16(b), the INA infrastructure mandated

that the defendant be eligible for deportation.[1] Therefore, the Court held that the INA's use of this provision was impermissibly vague because vagueness concerns were at the forefront given the scheme's definite legal consequences. In holding unconstitutional the INA's use of the residual clause found in § 16(b), like the ACCA's residual clause, the Supreme Court underscored that the provision "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Dimaya*, 138 S.Ct. at 1223 (quoting *Johnson*, 135 S. Ct. at 2558).

In recent years, as seen by the rulings in *Johnson* and *Dimaya*, the Supreme Court has trained its sights on the haziness of definite legal consequences and the shadow of unpredictable enforcement. In each of these cases, in determining whether an offense qualified as a crime of violence, the residual clause allowed judges to impose criminal punishments by estimating the degree of risk posed by a crime's imagined " 'ordinary case' "; therefore, Courts were disregarding how the defendant had actually carried out the offense. *Johnson*, 135 S.Ct., at 2557.

In *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019), the Supreme Court was, again, posed with a query — analogous to those above— in considering the constitutionality of § 924(c), which "threaten[ed] long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." *Id.* at 2323. Specifically, the statute provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be

---

[1] In the case of James Dimaya, the immigration judges concluded that Dimaya's convictions for first-degree burglary under California law qualified as "crimes of violence" under § 16(b). Therefore, under § 16b, the INA regime imposed definite sentencing and deportation consequences, which in this case, meant that Dimaya was deportable as a matter of law. *See Dimaya,* 138 S.Ct. at 1211, 1217.

prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

i) be sentenced to a term of imprisonment of not less than 5 years;

ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute defines "crime of violence" as an offense that is a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use-of-force" clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause.

In *Davis*, the Supreme Court ultimately concluded that the latter, residual clause was unconstitutionally vague in violation of due process and separation of powers principles. *Davis*, 139 S.Ct. 2325. From this precedent, it follows that Brooks's convictions must nevertheless stand, for the convictions he challenges (*i.e.*, Hobbs Act robberies) qualify as "crime[s] of violence" under the "elements" or "use-of-force" clause, because his offenses involved the actual use and discharge of a firearm and do *not* implicate the residual clause. The Sixth Circuit has held exactly that:

A conviction under § 1951(b)(1) [*i.e.*, Hobbs Act robbery] requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or

future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A).

*United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017).

In light of this precedent, Brooks is not entitled to relief because his Hobbs Act robbery convictions constitute crimes of violence pursuant to the use-of-force clause; therefore, the residual clause was never implicated in his underlying criminal case. Likwise, *Dimaya* does not provide Brooks any relief because its precedent only impacted clause (B), the residual clause of § 924(c)(3), and never impacted clause (A), the use-of-force clause.

The rulings in *Dimaya* and *Davis*[2] address only the residual clause, and thus, do not impact Brooks's case. Accordingly, his motion for relief pursuant to § 2255 must be denied.

## CONCLUSION

In full consideration of the record and binding precedent, for the reasons stated herein, **IT IS RECOMMENDED** that Brooks's motion to vacate **(DE 69)** and motion for appointment of counsel **(DE 70)** be **DENIED**, and that this action be **DISMISSED**.

*** *** *** ***

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. §

---

[2] The Court also notes that it is unclear if the ruling in *Davis* can even be applied retroactively on collateral review. Though the majority opinion neglected to discuss any possible notion regarding retroactivity, the dissent acknowledges that this inquiry remains open:

> Many offenders who have already committed violent crimes with firearms—and who have already been convicted under § 924(c)—may be released early from prison. The Court's decision will apply to all defendants whose convictions are not yet final on direct review and who preserved the argument. With the benefit of this Court's decision, many dangerous offenders who received lengthy prison sentences as a result of their violent conduct might walk out of prison early. And who knows whether the ruling will be retroactive?

*Davis*, 139 S.Ct. at 2354.

636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 19th day of August, 2019.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge