UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff/Respondent, | ) | 5:16-cr-7-JMH-EBA-2 |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 5:19-cv-304-JMH-EBA |
| QUATEZ BROOKS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon the Recommended Disposition of Magistrate Judge Edward B. Atkins. [DE 72]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant and federal prisoner, Quatez Brook's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 69].

In his Recommended Disposition, the Magistrate Judge concludes that the Brooks failed establish that the *Dimaya* or *Davis* impact his case. [DE 72]; *see also*, *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (holding unconstitutional the "residual" clause of 18 U.S.C. § 16(b)); *United States v. Davis*, 139 S.Ct. 2551, 2555 (2015)(holding unconstitutional 18 U.S.C. § 924(c)(3)(b)). Instead, the Magistrate Judge concluded that Brooks's Hobbs Act robbery convictions, *see* 18 U.S.C. 1951(b)(1), must stand because

they qualify as "crimes of violence" under the elements or use-of-force clause, "because his offenses involved the actual use and discharge of a firearm and do *not* implicate the residual clause." [DE 72 at 5, PageID #229]; *see also*, *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017). Thus, the Magistrate Judge recommends that Brooks's motions to vacate, [DE 69], and for appointment of counsel, [DE 70], be denied.

The Magistrate Judge's Recommended Disposition was filed on August 19, 2019. [DE 72]. It advised Brooks that objections to the same were due within fourteen days or further appeal would be waived. [DE 72 at 6-7, PageID #230-31]. That time has now expired and Brooks has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice,* "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn,* 474 U.S. 140, 150 (1985). As a result, and in the absence of any objections from Defendant Brooks, this Court adopts the well-articulated and detailed reasoning set forth in the Recommended Disposition.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue .... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell,* 537 U.S. 322, 325 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Brooks cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED**:

(1) That the Report and Recommendation of Magistrate Judge Edward B. Atkins, [DE 72], is **ACCEPTED** and **ADOPTED**;

(2) that Brooks's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255, [DE 69], is **DENIED**;

(3) That Brooks's Motion to Appoint Counsel, [DE 70] is, and hereby shall be, **DENIED**; and

(4) That no certificate of appealability will issue.

This, the 5th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3